IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–08–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MONTY GERALD MCCLURE, | |
| Defendant. | |

Before the Court is Defendant Monty Gerald McClure's Motion for Early Termination of Supervision.  (Doc. 52.)  McClure pled guilty to one count of robbery affecting commerce and one count of felon in possession of a firearm and, on September 27, 2017, was sentenced to a custodial sentence of 58 months, followed by 3 years of supervised release.  (Doc. 43.)  McClure has served approximately 33 months of his term of supervision and now seeks the premature termination of his remaining term of supervised release.  (Doc. 51 at 2.)  Neither the United States Attorney's Office nor the United States Probation Office objects to the motion.  (Doc. 50.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

1

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). McClure has served over one year of his term of supervision, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense."  18

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of McClure's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if McClure waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of McClure's supervised release is obviously favorable to him and the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of McClure's remaining term of supervised release. Most importantly, McClure's performance while on supervision demonstrates significant growth and the ability to successfully integrate back into society as a law abiding citizen. Aside from two instances involving the consumption of alcohol, for which he took responsibility, McClure has abided by the terms of his supervision. He completed substance abuse treatment while in custody and continues to rely on the tools he learned there. Soon after his release from custody he found a job and he has since been offered multiple promotions and other recognition for his work. He has also paid off his outstanding debts. His co-workers describe him as a dependable worker, a man of great character, and a leader. Importantly, McClure appears to have reflected on his past and what led him to his criminal activities. McClure expresses a strong desire to be a productive member of society and a positive role model.

Accordingly, IT IS ORDERED that the motion (Doc. 50) is GRANTED.

IT IS FURTHER ORDERED that McClure's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed

to notify the United States Probation Office for the District of Montana of the making

of this Order.

DATED this 1st day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court